UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS LA CHAPELLE,<br><br>   Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>   Defendant. | Case No.  EDCV 08-1305-JTL<br><br>MEMORANDUM OPINION AND ORDER |

**PROCEEDINGS**

On October 2, 2008, Doris La Chapelle ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of her application for Disability Insurance Benefits. On October 28, 2008, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum.  On November 20, 2008, Michael J. Astrue, Commissioner of Social Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum.  Thereafter, on April 15, 2009, defendant filed an Answer to the Complaint. On May 18, 2009, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On November 8, 2004, plaintiff filed an application for Disability Insurance Benefits alleging a disability onset date of July 8, 2004. (Administrative Record ["AR"] at 64-66). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 28-29). Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 48).

On March 20, 2007, the ALJ conducted a hearing in San Bernardino, California. (See AR at 436-51). Plaintiff appeared at the hearing with counsel and testified. (AR at 439-51). On August 21, 2007, the ALJ issued a decision denying benefits to plaintiff. (AR at 15-22). The ALJ determined that plaintiff had one severe impairment, a musculoskeletal impairment from right breast cancer. (AR at 17). The ALJ found that plaintiff's condition did not meet or equal an impairment contained in the Listing of Impairments (see 20 C.F.R. Part 404, Subpart P, Appendix 1). (AR at 19). The ALJ determined that plaintiff had the residual functional capacity to perform the full range of medium work, including her past relevant work as a customer service representative for a telephone company. (AR at 19-22). Accordingly, the ALJ concluded that plaintiff was not disabled from July 8, 2004, plaintiff's alleged disability onset date, through August 21, 2007, the date of the decision. (AR at 22). The Appeals Council denied plaintiff's timely request for review of the ALJ's decision. (AR at 5-7).

Thereafter, plaintiff appealed to the United States District Court.

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims:

1. The ALJ failed to properly consider the assessment of plaintiff's mental functional capacity by Timothy J. Hoang, Psy.D., plaintiff's treating psychologist.

2. The ALJ failed to obtain all of Dr. Hoang's treatment notes and, thus, failed to meet his duty to develop the record.

3. The ALJ failed to properly consider the opinion of Gana Maria Mody, M.D., plaintiff's treating psychiatrist.

4.     The ALJ failed to properly consider the type, dosage, effectiveness, and side-effects of plaintiff's medications.

**STANDARD OF REVIEW**

Under 42 U.S.C. Section 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**DISCUSSION**

**A.     The Sequential Evaluation**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe

impairment. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantially gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish his or her entitlement to disability insurance benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

**B.     Timothy J. Hoang, Psy.D.**

Plaintiff argues that the ALJ failed to properly explain his reasons for discrediting the assessment of plaintiff's mental condition rendered by Timothy J. Hoang, Psy.D., plaintiff's treating psychiatrist. (Joint Stipulation at 3-5, 9). Defendant argues that the ALJ analyzed the conflicting medical testimony in the evidence and provided sufficient reasons for rejecting Dr. Hoang's controverted opinion. (Joint Stipulation at 5-9).

In a letter to the Department of Social Services dated December 7, 2004, Dr. Hoang summarized his treatment of plaintiff and explained his opinion of plaintiff's mental functional capacity. (See AR at 159-61). Dr. Hoang indicated that plaintiff's current diagnosis was a major depressive episode. (AR at 159). Dr. Hoang noted that plaintiff reported suffering from insomnia, fatigue, irritability, withdrawing and avoidance behaviors, reduced appetite, and poor sense of self. (Id.). He found that plaintiff's concentration and memory were poor, her thoughts were loose and fragmented at times, and that she has limited insight and judgment. (AR at

159-60). Dr. Hoang stated that his observed findings were consistent with plaintiff's self-report, noted that her grooming and hygiene had diminished, that she was indifferent and sad, and that she struggled with concentration and memory. (AR at 160). Dr. Hoang also found that plaintiff's reported symptoms were consistent with the results of the Beck Depression Inventory-II ("BDI-II"), which was administered during her December 7, 2004 office visit and resulted in a score of 56, indicating that plaintiff was in the "severe" classification range for depression. (AR at 159). Dr. Hoang noted that he had seen plaintiff for psychological services since July 8, 2004, and her treatment included weekly individual psychotherapy with the option to attend two times a week. (AR at 160). Dr. Hoang provided the following function report:

> Due to [plaintiff's] continued depressive depletion and insomnia, [plaintiff] would be unable to work at this time for 8 hours a day, 5 days a [] week. Due to her emotional and cognitive deficits that are impairing her ability to function socially, interpersonally and occupationally, she could not sustain a sufficient work pace. Emotionally, [plaintiff] is irritable, emotionally labile and withdrawn. These symptoms would impair her ability to interact with customers by telephone . . . [plaintiff's] poor interpersonal abilities at this time would impede her ability to respond appropriately to directives as her concentration and memory are limited. Additionally, she is easily frustrated and can respond negatively given her poor coping skills. The cognitive distractibility [sic] and memory impairment continues to interfere with her ability to learn new material as well [as] retain old information. She has difficulty performing tasks that are complex and simultaneous. She may[,] at best[,] be able to perform tasks that are simple and rote. Deadlines and performance expectations would only exacerbate her depressive symptoms at this time.

(AR at 161). Dr. Hoang opined that plaintiff "continues to be totally and temporarily disabled on a psychological basis" and "requires a disability leave away from the workplace[.]" (AR at 160).

In the decision, the ALJ noted that Dr. Hoang treated plaintiff for five months and "provided a glowing report of disability on a psychological basis that was based almost entirely on [plaintiff's] self-reported symptoms." (AR at 18 (citing AR at 159-61)). The ALJ found that Dr. Hoang's opinion "is not well-supported by medically acceptable clinical and laboratory diagnostic techniques and is inconsistent with other substantial evidence in the record including the opinion of two psychological consultative examiners [AR at 169-72, 394-404], one psychiatric consultative examiner [AR at 405-19], and the opinion of the State Agency review psychiatrists [AR at 174-87]." (AR at 18-19). Thus, the ALJ concluded that "Dr. Hoang's opinion is not worthy of significant probative weight in this decision." (AR at 19). The ALJ discussed the findings of plaintiff's January 11, 2005 psychological consultative examination (AR at 18; see AR at 169-72), April 11, 2007 psychological consultative evaluation (AR at 18; see AR at 394-404), and June 25, 2007 psychiatric consultative evaluation (AR at 18; see AR at 405-19), discredited plaintiff's assertions of mental symptoms and limitations, and concluded that plaintiff failed to establish a severe medically determinable mental impairment. (AR at 17). Plaintiff now argues that the ALJ's discussion of Dr. Hoang's opinion of plaintiff's mental condition was improper and constitutes error. As discussed below, plaintiff's argument is without merit.

The ALJ is charged with determining a claimant's residual functional capacity based on an evaluation of the evidence as a whole. See 20 C.F.R. § 416.945; Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (The ALJ is responsible for determining credibility and resolving conflicts in medical testimony). The medical opinion of a treating physician is entitled to special weight. 20 C.F.R. § 404.1527; Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). The opinions rendered by treating physicians must be weighed using all of the factors provided in 20 C.F.R. Section 404.1527, such as the length of the treatment relationship, frequency of examination, and the nature and extent of the

treatment relationship. Social Security Ruling ("SSR")[1] 96-2p; 20 C.F.R. § 404.1527(d)(2). Where the treating physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. The ALJ may reject a controverted opinion of a treating physician's opinion by providing specific and legitimate reasons supported by substantial evidence in the record. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). An ALJ can meet this burden by setting out a "detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986).

An ALJ may rely on the absence of objective findings to reject a treating physician's opinion. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (inadequate clinical findings provide specific and legitimate basis for ALJ to reject treating physician's opinion); Buckhart v. Bowen, 856 F.2d 1335, 1339 (9th Cir. 1988) (proper to disregard uncontroverted treating physician's opinion when he fails to provide objective descriptions of medical findings). In addition, an ALJ may reject all or part of an examining physician's report if it contains inconsistencies, is conclusory, or inadequately supported by clinical findings. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

Here, the ALJ provided specific and legitimate reasons for rejecting Dr. Hoang's controverted opinion of plaintiff's mental functional limitations. The ALJ noted that Dr. Hoang treated plaintiff for only five months and that his report was based almost entirely on plaintiff's self-reported symptoms. (AR at 18). Where, as is the case here, the record supports the ALJ's decision to reject plaintiff's credibility as to her subjective complaints, the ALJ is free to

---

[1] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991). Although they do not have the force of law, they are nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

disregard a doctor's opinion that was premised upon plaintiff's subjective complaints.[2] Tonapetyan v. Halter, 242 F.3d 1144, 1149-50 (9th Cir. 1991) (ALJ properly rejected claimant's treating physician's opinion because it was unsupported by rationale or treatment notes and offered no objective medical findings to support the plaintiff's alleged conditions).

Moreover, the ALJ rejected Dr. Hoang's opinion because it was inconsistent with the evidence in the record. The ALJ discussed the findings of plaintiff's psychological and consultative examinations. The ALJ noted that Adam Cash, Psy.D., who conducted a consultative psychological examination of plaintiff on January 11, 2005, found plaintiff's motivation to be questionable, signs of exaggeration, and that all of her test scores were not interpretable. (AR at 18; see AR at 170-72). The ALJ noted that Clifford Taylor, Ph.D., a psychological consultative evaluator who examined plaintiff and administered a number of psychological tests on April 11, 2007, found that plaintiff was not a credible participant in the testing portion of the examination, and that Dr. Taylor "concluded that there was no credible evidence of an impairment in [plaintiff's] ability to understand, remember, and carry out job instructions, maintain attention, concentration, persistence, and pace, relate and interact with supervisors, coworkers, and public or adapt to day-to-day activities." (AR at 18; see AR at 399). The ALJ also discussed the results of the psychiatric consultative evaluation conducted by Linda M. Smith, M.D., on June 25, 2007. The ALJ noted that Dr. Smith opined that plaintiff was not credible the day of the examination and concluded that plaintiff would not be mentally impaired to perform either simple or complex tasks or in maintaining persistence and pace in a normal workplace setting.[3] (AR at 18; see AR at 414).

---

[2] The Court notes that plaintiff does not contest the ALJ's determination that plaintiff's testimony and alleged functional limitations appeared exaggerated and that her subjective complaints were not credible.

[3] The ALJ summarized Dr. Smith's findings as follows:
> [Plaintiff] underwent a psychiatric consultative evaluation on June 25, 2007. [AR at 405-19]. [Dr. Smith] stated, "I really do not see any evidence of this [plaintiff's] claims." [Dr. Smith] was of the opinion that [plaintiff] may indeed have depression or anxiety because of stressors related to breast cancer, but there was no evidence that she was credible the day of the examination. [Plaintiff] was

1  The ALJ provided a thorough summary of the facts and conflicting medical evidence, his reasons for rejecting Dr. Hoang's findings, and properly relied on the conclusions of the State Agency examiners. See Cotton, 799 F.2d at 1408; see also 20 C.F.R. § 416.927(f)(2)(i) (state agency physicians and psychologists are considered highly qualified physicians and psychologists who are also experts in Social Security disability evaluation). Moreover, because the ultimate disability determination is reserved for the Commissioner, an opinion rendered by a medical source regarding whether a claimant is disabled or entitled to benefits is not considered a "medical opinion" that is entitled to controlling weight. 20 C.F.R. § 404.1527(e)(1). The ALJ provided specific and legitimate reasons to reject Dr. Hoang's controverted opinion that plaintiff suffered from severe depression which resulted in severe functional limitations and did not err in his consideration of Dr. Hoang's opinion. See Orn, 495 F.3d at 630.

Plaintiff also argues that the ALJ failed to fully develop the record by obtaining all of Dr. Hoang's treatment notes. (Joint Stipulation at 9-10, 11). An ALJ's duty to develop the record arises where the record before the ALJ is ambiguous or inadequate to allow for proper evaluation of the evidence. 20 C.F.R. §§ 404.1512(e), 416.912(e); Mayes v. Massanari, 262 F.3d 963, 968 (9th Cir. 2001). In such a case, the ALJ's duty to develop the record is triggered and he or she must "conduct an appropriate inquiry." Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996). "The ALJ's duty to develop the record fully is also heightened where the claimant may be mentally ill and thus unable to protect her own interests." Tonapetyan, 242 F.3d at 1151; see DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir.1991) (in cases of mental impairments, the duty to develop the record is especially important). The ALJ may discharge

---

theatrical, melodramatic, and at times appeared "spacey." None of this was credible. [Dr. Smith] stated that a lot of her presentation was typical for people who have read about psychiatric disorders but have not ever experienced it and, therefore, do not really know any details. [Plaintiff] combined symptoms where they should not have been combined and made strange associations that did not have anything to do with the actual impairment she was alleging to have. The examiner concluded that [plaintiff] would not be mentally impaired to perform either simple or complex tasks or in maintaining persistence and pace in a normal workplace setting.

(AR at 18).

this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record. Tonapetyan, 242 F.3d at 1150. Although the ALJ has a duty to develop the record, the burden of proving disability remains on the claimant. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005).

Here, the record was sufficient to allow the ALJ to evaluate plaintiff's mental condition. The record contained, among other things, Dr. Hoang's thorough letter summarizing his treatment, impressions, plaintiff's test results, and the summaries of both of plaintiff's psychological consultative examinations and his psychiatric consultative examination. The record was neither ambiguous nor inadequate; rather, it contained conflicting medical evidence regarding plaintiff's mental condition. The ALJ properly evaluated the medical evidence in the record and rejected Dr. Hoang's controverted opinion of plaintiff's mental functional limitations. See Morgan, 169 F.3d at 599; Magallanes, 881 F.2d at 750. Because the medical evidence in the record regarding plaintiff's mental capacity was sufficient to allow the ALJ to properly weigh the evidence and make a disability determination, the ALJ's duty to develop the record was not triggered. See Smolen, 80 F.3d at 1288

**C.    Gana Maria Mody, M.D.**

Plaintiff argues that the ALJ failed to properly consider the findings of Gana Maria Mody, M.D., plaintiff's treating psychiatrist. (Joint Stipulation at 12-14).

On July 31, 2007, Dr. Mody conducted a mental status examination of plaintiff. (AR at 426-30). Dr. Mody noted that plaintiff reported that she was very angry and anxious; felt increasingly depressed over the past months; had trouble falling asleep; and had daytime fatigue, low energy, decreased interest in activities, poor concentration, racing thoughts, feelings of hopelessness, irritability, and anxiety when around others. (AR at 426). Dr. Mody noted that plaintiff had avoidant eye contact, an agitated manner, an anxious and depressed mood, and her thought process was circumstantial and tangential. (Id.). Dr. Mody assigned

plaintiff a Global Assessment of Functioning ("GAF")[4] score of 50, which indicates severe mental symptoms or serious impairments in social or occupational functioning. (AR at 427). Dr. Mody's treatment plan for plaintiff consisted of an increase in dosage of Zoloft[5] from 100 mg daily to 150 mg daily; an increase in the frequency of of Xanax[6] from 25 mg daily, as necessary twice a week, to 25 mg daily, as necessary; a decrease in her dosage of Ambien[7]; and a recommended follow up appointment in one month. (AR at 427; see AR at 426).

As discussed above, the ALJ is responsible for evaluating the medical evidence in the record and resolving conflicts in medical testimony. See Morgan, 169 F.3d at 599; Magallanes, 881 F.2d at 750. The ALJ must weigh the opinions rendered by a treating physician using all of the factors provided in 20 C.F.R. Section 404.1527, such as the length of the treatment relationship, frequency of examination, and the nature and extent of the treatment relationship, and may reject a controverted opinion of a treating physician's opinion by providing specific and legitimate reasons for doing so that are supported by substantial evidence in the record. See SSR 96-2p; 20 C.F.R. § 404.1527(d)(2); Orn, 495 F.3d at 630. In the decision, the ALJ summarized Dr. Mody's findings as follows:

> . . . [plaintiff's] mood was anxious and depressed; yet, thought processes and content were normal, motor activity was normal, grooming was good, and behavior was normal and

---

[4] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." Vargas v. Lambert, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998). A GAF score between 41-50 indicates "[s]erious symptoms (e.g., suicidal ideation, sever obsessional rituals, frequent shoplifting)" or "[a]ny serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Diagnostic and Statistical Manual of Mental Disorders 34 (4th. ed, rev. 2000).

[5] Zoloft is an antidepressive that is used for treating depression, obsessive-compulsive disorder, panic disorder, anxiety disorder, post-traumatic stress disorder, and premenstrual dysphoric disorder. Drugs.com, http://www.drugs.com.

[6] Xanax affects chemicals in the brain that may become unbalanced and cause anxiety and is used to treat anxiety disorders, panic disorders, and anxiety caused by depression. Drugs.com, http://www.drugs.com.

[7] Ambien is a sedative used for the short-term treatment of insomnia. Drugs.com, http://www.drugs.com.

>cooperative. Concentration was said to be normal, moderately impaired as she was able to recall only one object after three minutes and it took her three times to spell "world" backwards.

(AR at 19). The ALJ determined that these findings were "not indicative of disabling symptoms" and that "given that [plaintiff] was not truthful and exaggerated her symptoms at three consultative examinations, it is reasonable to conclude that she also exaggerated her symptoms [during her examination by Dr. Mody.]" (Id.). The ALJ rejected Dr. Mody's diagnosis of depressive disorder with an assessed GAF of 50 and, instead, relied on the findings of the psychological and psychiatric consultative examiners to conclude that plaintiff did not suffer from an established severe mental impairment.

The ALJ properly relied on the lack of clinical findings to reject Dr. Mody's opinion. See Johnson, 60 F.3d at 1432 (inadequate clinical findings provide specific and legitimate basis for ALJ to reject treating physician's opinion); see also Baston v. Comm'r, 359 F.3d 1190, 1195 (9th Cir. 2004) (affirming ALJ's rejection of the controverted opinion of claimant's treating physician because the opinion was conclusory, in checklist form and not supported by the record as a whole, or by objective medical findings); Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ properly rejected doctor's opinion because it was in the form of check-off reports with no explanation of the basis of the conclusions). Moreover, the ALJ reasonably concluded that plaintiff exaggerated her symptoms during her examination with Dr. Mody given the ALJ's negative assessment of plaintiff's credibility, and the negative credibility assessments of the two psychological consultative examiners and the psychiatric consultative examiner.

Plaintiff also argues that the ALJ mischaracterized Dr. Mody's findings when the ALJ stated that Dr. Mody found plaintiff's thought processes and content were normal. In his summary of Dr. Mody's findings, the ALJ did state that Dr. Mody found that plaintiff's thought processes and content were normal. (See AR at 19). Dr. Mody's assessment, however, clearly states that he found plaintiff's thought process to be circumstantial and tangential. (AR at 426). However, given the evidence in the record regarding plaintiff's mental condition, see, supra, Section B, any error resulting from the ALJ's misstatement of Dr. Mody's impression of plaintiff's

thought processes and content based on his treatment of plaintiff on one occasion was inconsequential to the ultimate nondisability determination and, therefore, not grounds for reversal. See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (the decision of the ALJ will not be reversed for harmless error, "which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination" (internal citations and quotations omitted)).

### D.  Side Effects of Plaintiff's Medications

Plaintiff argues that the ALJ failed to consider the assessed side effects of plaintiff's medications. Plaintiff notes that Dr. Mody's treatment plan included an increase in plaintiff's dosage of Zoloft and Xanax. (Joint Stipulation at 15; see AR at 427). Plaintiff argues that this increase constitutes a significant alteration in medication that the ALJ failed to consider and address. (Joint Stipulation at 16-17).

Here, the ALJ did not, as plaintiff alleges, err in his failure to discuss the increase in the dosage of Zoloft and Xanax, as recommended by Dr. Mody (see AR at 427), or fail to discuss any side effects of plaintiff's medications. An ALJ must consider factors such as side effects of medications when assessing the credibility of an individual's statements and their residual functional capacity. See SSR 96-8p; SSR 96-7p; see also Lingenfelter v. Astrue, 504 F.3d 1028, 1040 (9th Cir. 2007) (the Social Security Administration requires ALJs to consider all the evidence in the case record in assessing a claimant's subjective pain and symptom testimony, including side effects of any medications). Plaintiff, however, has the burden of proving disability, see Mayes, 276 F.3d at 458 (it is the claimant's duty to prove that she is disabled), and, in the instant case, plaintiff has failed to establish that she suffered from any side effects of her medication. In the Joint Stipulation, plaintiff cites to medical literature describing the possible side effects of Zoloft and Xanax, but fails to provide any medical evidence documenting the alleged unspecified side effects plaintiff actually suffered from. Plaintiff fails to identify or allege that she made any complaints of side effects to her physicians, or show any documentation of a change in her condition stemming from the increase in the dosage of her medication, nor did she mention any negative side effects from her medications at the hearing

(see AR at 436-51) or any resulting functional limitations. While an ALJ must consider all factors that might have a significant impact on an individual's ability to work, see Erickson v. Shalala, 9 F.3d 813, 817 (9th Cir. 1993), an ALJ is not required to meet the impossible burden of mentioning every piece of evidence presented in the decision. Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003). Accordingly, plaintiff has failed to establish that the ALJ erred in his consideration of Dr. Mody's recommended increase in plaintiff's dosage of Zoloft and Xanax, and his failure to address the recommendation in the decision.

**ORDER**

After careful consideration of all documents filed in this matter, this Court finds that the decision of the Commissioner is supported by substantial evidence and that the Commissioner applied the proper legal standards. The Court, therefore, AFFIRMS the decision of the Commissioner of Social Security Administration.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 30, 2009

                                 /s/ Jennifer T. Lum
                                 JENNIFER T. LUM
                                 UNITED STATES MAGISTRATE JUDGE